John C. Terry #101596
Andres Terry Jeffers LLP
Attorney for Defendant Diaz
2220 H Street
Vancouver, Washington 98663
360-213-2040
jterry@atjlaw.com

John Gemellaro Mi. Bar P74141
McGraw Morris Masud
Attorney for Defendant Diaz
2075 W. Big Beaver Suite 750
Troy, Michigan 48094
248-502-4000
jgemellaro@mcgrawmorris.com

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| MARIAH RENEY DECKER, | Case No. 3:26-cv-00625-MO |
| Plaintiff, | |
| v. | UNOPPOSED MOTION TO STAY PROCEEDINGS AS TO DIAZ |
| MULTNOMAH COUNTY, an Oregon County; NICOLE MORRISEY O'DONNELL, in her individual capacity; EDWIN DIAZ, in his individual capacity; WILLIAM P. KOENIG, in his individual capacity; John and Jane Doe 1-10, | |
| Defendants. | |

## DEFENDANT DIAZ'S MOTION TO STAY PROCEEDINGS

NOW COMES, Defendant Edwin Diaz, by and through his attorneys, McGraw Morris Masud P.C., by JOHN T. GEMELLARO, and for their motion to stay, state as follows:

1. Pursuant to Local Rule, counsel for Mr. Diaz sought concurrence in the relief requested. Plaintiff and Co-Defendant do not oppose a stay as to Mr. Diaz. Co-Defendant is not joining this motion, and Plaintiff opposes a global stay of the proceedings. Mr. Diaz takes no position on a stay as to Co-Defendants and defers to the Court's discretion.

2. Plaintiff filed the complaint in this case on April 3, 2026, asserting claims under 42 U.S.C. § 1983 and Oregon state law. (ECF No. 1).

3. The claims arise from the alleged sexual abuse of Plaintiff while she was incarcerated in Multnomah County Detention Center from March through September 2024.

4. The same incidents form the basis of a criminal prosecution against Defendant Diaz in *State of Oregon v. Edwin Diaz*, No. 25CR34120, where Mr. Diaz is facing criminal 25 misconduct and sexual abuse.

5. Upon information and belief, the criminal case is scheduled for trial on December 7, 2026.

6. The civil and criminal cases arise from the same operative facts and legal questions.

7. This civil case will involve discovery which will require Mr. Diaz to respond to interrogatories, requests for admission, and deposition questioning regarding those same events.

8. Mr. Diaz cannot meaningfully participate in discovery without risking waiver of his Fifth Amendment rights against self-incrimination.

9. If Mr. Diaz asserts his Fifth Amendment privilege, he will be unable to defend himself fully and risks adverse inferences.

10. A stay will promote judicial economy and prevent inconsistent rulings while the Multnomah County Circuit Court addresses the criminal matter.

11. All six the relevant factors, including the extent Mr. Diaz's Fifth Amendment rights are implicated, potential prejudice to Plaintiff of a delay, burden of the proceedings on Mr. Diaz, efficient use of judicial resources, interests of others not party to the civil litigation, and the public interest in the pending litigation, weigh in favor of a stay.

WHEREFORE, Defendant Edwin Diaz respectfully requests that the Court stay all proceedings against him pending the full and final resolution of the parallel criminal matter.

Respectfully submitted,

**McGRAW MORRIS MASUD P.C.**

/s/JOHN T. GEMELLARO
G. GUS MORRIS (P32960)
JOHN T. GEMELLARO (P74141)
Attorneys for Defendant Diaz
2075 W. Big Beaver Road, Ste. 750
Troy, MI   48084
(248) 502-4000
gmorris@mcgrawmorris.com
jgemellaro@mcgrawmorris.com

Dated:  June 15, 2026

**BRIEF IN SUPPORT OF MOTION TO STAY**

**PROCEDURAL HISTORY**

Plaintiff Mariah Decker filed the Second Amended Complaint on April 24, 2026, asserting claims under 42 U.S.C § 1983 and Oregon tort law against Defendants Edwin Diaz and Multnomah County. The claims arise out of the alleged sexual abuse of Plaintiff while she was in custody at Multnomah County Detention Center March through September 2024. (ECF No. 13).

Mr. Diaz requested time to respond to the complaint, and Plaintiff agreed to have a responsive pleading to the Second Amended Complaint to June 28, 2026. (ECF No. 24). This unopposed motion follows.

In the companion criminal case, the 25-count indictment was issued on June 18, 2025, and is scheduled for trial on December 7, 2026.

**STATEMENT OF RELEVANT FACTS**

This case arises out of allegations of sexual abuse that occurred from March to September 2024 while Plaintiff was incarcerated at Multnomah County Detention Center. At all times relevant to the allegations, Mr. Diaz was serving as a corrections deputy for the Multnomah County Sheriff's Office working in the Multnomah County Detention Center. Notably, Counts 23 – 25 of the criminal complaint allege that Mr. Diaz was a Multnomah County Sheriff's Deputy, and failed to "perform a duty clearly inherent in the nature of his office."

The events giving rise to Plaintiff's claims are the same as those at issue in the criminal prosecution against Mr. Diaz in *State of Oregon v. Edwin Diaz*, No. 25CR34120.

Because the allegations within the civil complaint overlap with the allegations of the criminal case, it is necessary to stay the civil proceedings.

**ARGUMENT**

I.  The Court has the authority to issue a stay, and a stay is appropriate when considering the necessary factors

Pursuant to Ninth Circuit precedent, this Court has broad discretion to manage its docket including the authority to stay proceedings pending resolution of related actions in other courts. *Dietz v. Bouldin,* 579 U.S. 40, 47 (2016). A "trial court possesses the inherent power to control its own docket" and may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). Such a decision is overturned only when the court has abused its discretion. *Id.*

Courts generally consider and balance certain factors when determining whether a stay of civil proceedings is appropriate if a given case including the extent the defendant's Fifth Amendment rights are implicated. *Keating v. Office of Thirft Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995). Courts further consider:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*id.* With those factors in mind, courts within this circuit have found it to be "common practice" to stay civil proceeding pending the criminal case has ended. *Martin v. Gutierrez,* 22-CV-00600, 2023 WL 3324789, at *2 (ED Cal Apr 10, 2023) citing *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

As detailed below, and upon application of the above factors, a stay is appropriate.

A.  THE INTEREST OF THE PLAINTIFFS IN PROCEEDING EXPEDITIOUSLY WITH THIS LITIGATION
    OR ANY PARTICULAR ASPECT OF IT, AND THE POTENTIAL PREJUDICE TO PLAINTIFFS OF A
    DELAY

While Plaintiff has a general interest in the timely resolution of her claims, that interest is significantly outweighed by the severe prejudice Mr. Diaz would suffer if forced to proceed while criminal proceedings remain pending.

Importantly, the underlying criminal case is active, and moving towards trial later this year. This is not a merely an investigation with the possibility of criminal charges. Forcing Mr. Diaz to participate in civil discovery at this stage would place him in an impossible position: he must either waive his Fifth Amendment right against self-incrimination or refuse to participate meaningfully in discovery, to the detriment of his civil defense.

Plaintiff's prejudice, if any, is minimal as both cases deal with the same operative facts. The criminal investigation is complete as the case is on the cusp of trial. It is unlikely evidence will be lost, or that this brief stay will impact witness memory and candor.

An evaluation of this element warrants a stay as to Mr. Diaz.

B.  THE BURDEN WHICH ANY PARTICULAR ASPECT OF THE PROCEEDINGS MAY IMPOSE ON
    DEFENDANTS

The burden on Mr. Diaz weighs heavily in favor of a stay. Defendant Diaz is facing a parallel criminal prosecution stemming from the same events that give rise to Plaintiff's civil claims. Mr. Diaz faces criminal exposure for the same alleged conduct at issue in this lawsuit.

Requiring Mr. Diaz to defend this civil action while the criminal case moves towards trial will impose an extraordinary burden. To meaningfully participate in discovery, Diaz would be forced to provide deposition testimony, respond to written discovery, and otherwise make statements under oath regarding the very facts that are central to the criminal matter. But doing so would compromise his Fifth Amendment right against self-incrimination. The alternative—

invoking the Fifth Amendment—would prevent him from presenting a substantive defense and could result in negative inferences in the civil case. This "Hobson's choice" is precisely the type of burden courts seek to avoid when granting a stay. See *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

Moreover, this burden is not theoretical; it is immediate, substantial, and constitutionally consequential.

Because of the direct factual and legal overlap, the ongoing nature of the criminal case, and the constitutional rights at stake, the burden on Mr. Diaz is far more than mere inconvenience—it is a fundamental impairment of his ability to defend himself in both proceedings. This factor decisively favors a stay as to Mr. Diaz.

C. CONVENIENCE OF THE COURT IN THE MANAGEMENT OF ITS CASES, AND THE EFFICIENT USE OF JUDICIAL RESOURCES.

This factor considers whether granting a stay would promote judicial efficiency, prevent unnecessary or duplicative litigation, and conserve limited judicial resources.

Here, the civil and criminal cases arise from the same alleged incidents, involve the same defendant, and turn on the same factual and legal questions.

Proceeding with the civil case now would create a substantial risk of duplication and inconsistent rulings. A stay avoids this inefficiency. It ensures that once the criminal process concludes, the Court and the parties can proceed with a clear and final legal framework. Staying the matter now also avoids entangling the Court in constitutional complications, including the consequences of Mr. Diaz's invocation of the Fifth Amendment, discovery disputes related to incomplete or delayed testimony, and potential motions to preclude evidence or draw adverse inferences.

Here, a stay will streamline litigation, preserve the Court's time and energy, and prevent unnecessary duplication. This factor strongly supports a stay.

### D. THE INTEREST OF PERSONS NOT PARTIES TO THE CIVIL LITIGATION.

The law enforcement investigation in this matter spanned eight months and recovered allegations dating to 2022, with the criminal charges themselves spanning April through September 2024. That investigation involved numerous individuals who are not parties to either civil case, but who will likely be called as witnesses in the criminal proceeding. The resolution of the criminal case will serve the interests of those non-parties in a concrete and tiered way: the criminal testimony may establish that certain witnesses are unnecessary in the civil cases altogether; where a witness remains necessary, it may eliminate the need for a deposition; and where a deposition is still warranted, the criminal record will substantially narrow its scope. Proceeding with civil litigation now would impose on these non-parties the burden of parallel obligations before the criminal process has had the opportunity to define and potentially limit their role in this matter.

### E. THE INTEREST OF THE PUBLIC IN THE PENDING CIVIL AND CRIMINAL LITIGATION.

The final factor also weighs in favor of a stay. First and foremost, the public has a strong interest in ensuring that criminal prosecutions are conducted fairly and without interference from parallel civil litigation. Proceeding with civil discovery while a related criminal matter is still active risks undermining the integrity of the criminal process. Forcing a defendant to choose between testifying in civil discovery and invoking the Fifth Amendment threatens the fairness of both proceedings.

Second, the public also has a compelling interest in protecting constitutional rights. A stay safeguards Mr. Diaz's Fifth Amendment privilege against self-incrimination, which is foundational to the American legal system. That interest is a systemic interest shared by the public at large. As

courts have recognized, compelling a defendant to participate in civil discovery while facing unresolved criminal exposure places undue pressure on those constitutional protections.

Third, staying the case would promote confidence in judicial outcomes. Because the criminal and civil proceedings are based on the same facts and conduct, inconsistent or premature rulings would undermine public trust in the courts. Allowing the criminal process to play out before litigating the same facts in the civil forum promotes orderly, credible adjudication.

Taken together, these considerations strongly support a stay. The public interest is not served by parallel litigation that compromises fairness, wastes resources, and risks conflicting outcomes. It is best served by temporarily staying this case until the criminal proceedings have fully concluded.

## CONCLUSION

For the foregoing reasons, all five factors weigh in favor of a stay where civil and criminal cases arise from the same incident and involve identical factual and legal issues. The criminal matter is set for trial on December 7, 2026. Requiring Defendant Diaz to proceed with civil discovery would place him in an untenable position: forcing him either to waive his Fifth Amendment rights or forfeit his ability to defend this case. A stay will protect those constitutional rights.

Mr. Diaz respectfully requests that the Court enter stay all proceedings against him pending the full and final resolution of the parallel criminal matter.

Respectfully submitted,

**McGRAW MORRIS MASUD P.C.**

/s/JOHN T. GEMELLARO
G. GUS MORRIS (P32960)
JOHN T. GEMELLARO (P74141)
Attorneys for Defendant Diaz
2075 W. Big Beaver Road, Ste. 750
Troy, MI   48084
(248) 502-4000
gmorris@mcgrawmorris.com
jgemellaro@mcgrawmorris.com

Dated:  June 15, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2026, I caused to be served a copy of the foregoing UNOPPOSED MOTION TO STAY PROCEEDINGS AS TO DIAZ, BRIEF IN SUPPORT AND CERTIFICATE OF SERVICE with the Clerk of the Court using the ECF system that will send notification of such filing to all attorneys of record at the email addresses denoted on the Electronic Mail Notice List.

**McGRAW MORRIS MASUD P.C.**

/s/JOHN T. GEMELLARO
G. GUS MORRIS (P32960)
JOHN T. GEMELLARO (P74141)
Attorneys for Defendant Diaz
2075 W. Big Beaver Road, Ste. 750
Troy, MI   48084
(248) 502-4000
gmorris@mcgrawmorris.com
jgemellaro@mcgrawmorris.com
