JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Andrew T. Weiner, OBS No. 115485
Sr. Assistant County Attorney
Multnomah County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
E-mail: andrew.weiner@multco.us
    *Of Attorneys for Defendant Multnomah County*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARIAH RENEY DECKER,<br><br>Plaintiff,<br><br>v.<br><br>MULTNOMAH COUNTY an Oregon County; NICOLE MORRISEY O'DONNELL, in her individual capacity; EDWIN DIAZ, in his individual capacity; WILLIAM P. KOENIG, in his individual capacity; and John and Jane Doe 1-10,<br><br>Defendants. | Case No. 3:26-cv-00625-MO<br><br>STIPULATED PROTECTIVE ORDER |

One or more of the parties has requested the production of documents or information that at least one party may consider to be confidential or to contain confidential information, for which that party has a good faith belief that good cause can be shown as to a legitimate need for protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause may exist to protect the confidential nature of the information contained in the documents, interrogatory responses, responses to requests for admission, or deposition testimony in this case. This action may require the disclosure of protected

Page 1 – STIPULATED PROTECTIVE ORDER

health information, financial records, information of adults held in Multnomah County Jail, and personnel information of named defendants. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of certain documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, **IT IS HEREBY ORDERED** as follows:

1.      "Document" means any written, recorded or graphic matter, however created and in any medium, including email and other electronic material. It includes transcripts of testimony from depositions or otherwise.

2.      A party producing a document shall designate all or part of a document as "Confidential" or "Attorneys' Eyes Only" if the party after reasonable, good faith consideration concludes the document is a confidential record or contains confidential information. If the entire document is designated, every page shall be stamped or marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." If only a portion of a document is designated, the designation shall clearly distinguish the confidential and non-confidential portions of the document, with the confidential portion stamped or marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

3.      If a party receives a document which has been designated as "Confidential" or "Attorneys' Eyes Only," in all or in part, and the party believes it to have been erroneously so designated, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the issue of the correctness of the designation on

Page 1 – STIPULATED PROTECTIVE ORDER

their own, the party defending the designation has an obligation to seek review and the burden of persuasion regarding the correctness of the designation.

4.    Neither the confidential materials nor the information contained therein shall be used or shown, disseminated, copied, filed with the court, or in any way communicated to anyone except as follows. Without further court order, confidential material and the contents thereof may be disclosed only to the following persons: (a) the parties; (b) counsel of record for the parties and persons regularly employed by such counsel; (c) experts consulted by counsel for the purposes of this litigation; (d) court reporters and witnesses involved in this litigation; (e) agreed upon mediators; (f) insurance companies/claims handlers to the extent necessary to further the interests of the parties in this litigation; and (g) the Court.

5.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraph 4(b), 4(d), 4(e), 4(f), and 4(g), unless additional persons are stipulated by counsel or authorized by the Court.

6.    Information or documents designated "Confidential" or "Attorneys' Eyes Only" shall be used solely for purposes of this litigation, and not for any other purpose, unless disclosure is otherwise required by law.

7.    Information or documents designated "Confidential" or "Attorneys' Eyes Only" may be referred to in discovery responses and requests, motions, briefs and other court papers, and may be used in depositions and marked as deposition or trial exhibits in this action. However, information or documents designated "Confidential" or "Attorneys' Eyes Only" may be used in this manner only if the document, or the portion of the document where the confidential information is revealed, is marked as "Confidential" or "Attorneys' Eyes Only" . The parties agree that any documents that are filed with the Court that contain any portion of any "Confidential" or

Page 1 – STIPULATED PROTECTIVE ORDER

"Attorneys' Eyes Only" document should be filed under seal by following the protocols for sealed filings in this Court.

8.    In addition, the parties agree to abide by the terms of the June 16, 2025 Protective Order and Order to Seal issued by Multnomah County Judge Michael A. Greenlick in Case No. 25CR34120 as to any documents that are subject to that Order.

9.    Notwithstanding the above, counsel may also discuss the confidential documents or information at court hearings, unless the court issues an order to the contrary. If a party anticipates a need to offer a confidential document or information in open court, or offer testimony about a confidential document or confidential information, that party shall first confer with opposing counsel regarding whether certain terms of the order may be waived for the specific proposed use, and if no agreement is reached, the party defending the designation shall request a pre-offer determination by the court with respect to the proposed disclosure. Use of confidential documents at trial is not covered by this Protective Order, except as described in paragraph 10, and will be addressed with a trial judge prior to offering any such materials at trial.

10.    Notwithstanding anything to the contrary which may be set forth herein, a party may apply to the Court at any time for an order granting a modification of this Protective Order. Any party moving for an order granting a modification of this Protective Order shall first confer with the nonmoving parties.

11.    Nothing in this Order prevents any party from moving the court to remove the confidential designation from a document or testimony, from seeking modification of this Order, from designating already-produced documents as confidential, or from objecting to discovery that a party believes to be otherwise improper.

12.    By producing confidential documents and information, a party does not waive any of its objections to admissibility at the time of trial. This Protective Order does not constitute a

Page 1 – STIPULATED PROTECTIVE ORDER

waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege, protection, law, or regulation, or to seek appropriate protection respecting documents and information claimed to be subject to such a privilege. Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

13.     This court shall retain jurisdiction after entry of final judgment or final appeal to modify this order or resolve any disputes regarding this Protective Order.

14.     This order shall survive the termination of this action. Within 30 days of final adjudication, confidential materials other than deposition transcripts shall be destroyed or returned to counsel, except that archival copies may be retained by the receiving attorney.

**IT IS SO STIPULATED:**

Dated: July 8, 2026                Johnson Johnson Lucas & Middleton PC

/s/ Caitlyn V. Mitchell_____
Caitlin V. Mitchell, OSB No. 123964
*Of Attorneys for Plaintiff*

Dated: July 8, 2026                McGraw Morris Masud

/s/ John T. Gemellaro_____
John T. Gemellaro
*Attorney for Edwin Diaz*

Dated: July 8, 2026                Multnomah County Attorney's Office

/s/ Andrew Weiner_____
Andrew Weiner, OSB No. 115485
*Of Attorneys for Multnomah County*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain

Page 1 – STIPULATED PROTECTIVE ORDER

information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**


DATED: _____     _____
                                 HON. MICHAEL W. MOSMAN
                                 Senior United State District Judge

Page 1 – STIPULATED PROTECTIVE ORDER